**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JORGE HERNANDEZ ALMENTEROS,

        Petitioner,

v.                                    Case No. 3:26-cv-408-WWB-PDB

UNITED STATES ATTORNEY
GENERAL, et al.,

        Respondents.

_____

**<u>ORDER</u>**

Petitioner, a native and citizen of Cuba, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the Baker County Detention Center.  (*Id.*).  According to Petitioner, his removal order became final on September 17, 1996, and when Cuba would not "accept" him, ICE released Petitioner. (*Id.* at 6).   He contends that ICE re-detained him on February 16, 2026, to execute his removal; and he remains in ICE custody with no reasonably foreseeable removal date. (*Id.* at 6–7).  Petitioner asserts that his prolonged detention violates his due process rights and 8 U.S.C. § 1231.  (*See generally id.*).  As relief, Petitioner request that the Court order his immediate release.  (*Id.* at 7).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The Court also concluded that six months is a presumptively reasonable period to

detain a removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

The Court notes that district courts are split as to when the six-month period begins. Some courts have determined that each period of detention restarts the removal-period clock. *See, e.g.*, *Da Wu v. Ripa*, No. 3:25-cv-1254 (M.D. Fla. Feb. 3, 2026); *Barrios v. Ripa*, No. 1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (rejecting a petitioner's argument "that his detention should be counted in the aggregate based upon his prior detentions"); *Liu v. Carter*, No. 25-3036, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) ("[T]he removal-period clock restarts when an alien subject to a removal order is again detained by ICE."); *Leybinsky v. U.S. Immigr. & Customs Enf't*, No. 10 CIV. 5137, 2013 WL 132544, at *9 (S.D.N.Y. Jan. 8, 2013) (collecting cases), *vacated as moot*, 553 F. App'x 108 (2d Cir. 2014). Other courts have considered the aggregate of all periods of a petitioner's detention/re-detention following an order of removal, regardless of any intervening periods of release (i.e., parole, bond, supervision). *See, e.g.*, *Jaranow v.*

*Bondi*, No. 2:25-cv-02396, 2026 WL 35864, at *3 (W.D. Wash. Jan. 6, 2026) (collecting cases from the Ninth Circuit that "have found that the six-month period of detention need not be consecutive to reach the limit established in *Zadvydas*"); *Patel v. Bondi*, No. CV 25-16218 (KMW), 2025 WL 3294353, at *2 (D.N.J. Nov. 26, 2025) (finding that the court must "consider the entire period of [the p]etitioner's detention"—not just the length of the current detention).  This Court believes that aggregating any possible past period of detention is not appropriate, and thus irrelevant to today's ruling.  Indeed, if the Court were to find otherwise, that approach would present a perpetual "get-out-of-jail-free" card to any detainee whose cumulative prior detention exceeds six months.  *See Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42, 2018 WL 1321576, at *3 (M.D. Ga. Mar. 14, 2018).  Moreover, "adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating removals." *Barrios*, 2025 WL 2280485, at *8.

Thus, this Court considers only the current detention when determining whether the presumptively reasonable six-month period has passed.  To that end, while it is unclear if and when ICE detained Petitioner for any period before his present detention, that fact is immaterial to the Court's analysis.  Here, Petitioner's current detention began on February 16, 2026.  (Doc. 1 at 4, 6).  At the time Petitioner filed his Petition on February 20, 2026, he had been in ICE custody for four days (excluding the date on which the Petition was filed).  Thus, any claim under *Zadvydas* is not yet ripe and is dismissed without prejudice as premature.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability.[1]  Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on February 26, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Jorge Hernandez Almenteros, A022793908

---

[1] The court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Upon consideration of the record as a whole, this Court denies a certificate of appealability.

4